# CV-11 3344

SUMMONS ISSUED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 2 2011 ★

LONG ISLAND OFFICE

SPATT, J.

WALL, M.J.

| | |
|---|---|
| SOLOMON PERLSTEIN on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff, | ) ) |
| -against- | ) ) |
| FIRSTSOURCE ADVANTAGE, LLC | ) ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Solomon Perlstein seeks redress for the illegal practices of Firstsource Advantage, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4.  Defendant's is a New York limited liability company with its principal place of business is located in Buffalo, New York.

-1-

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9.    On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff.

10.   The plaintiff is not aware of receiving an initial collection letter from the defendant.

11.   In or about early August, 2010 the defendant attempted to contact a neighbor of the plaintiff.

12.   The collector left a message for the plaintiff to call back 877-420-5095 concerning file number 162-885-94 before 10:00 p.m.

13.   According to a search done concerning the above referenced telephone number on the internet, there is a pattern that a person with a foreign sounding accent calls a family member or neighbor for a purported debtor to call the said 877 number.

14.   Upon information and belief, the said 877 number is attributed to the defendant.

15.   Upon information and belief, the defendant is a subsidiary or other of Firstsource, Ltd., with offices in India.

-2-

16.   The defendant has engaged in a course of conduct of leaving messages for relatives or

neighbor's of debtors when the defendant has the plaintiff's and other consumer's

contact information.

17.   The defendant has engaged in this tactic so that it can avoid contacting the consumer and

having to indicate that the message is from a debt collector.

18.   The said telephone message is in violation of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692c, 1692e(10) and 1692e(11).


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

19.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if

set forth fully in this Cause of Action.

20.   This action is brought on behalf of plaintiff and the members of a class.

21.   The Class consists of consumers who were left a telephone message concerning a

consumer debt without having been informed that the communication was from a debt

collector.

22.   The Class consists of all persons whom Defendant's records reflect resided in the State

of New York and who received a message from a friend or relative that someone called

from 877-420-5095 where the defendant had the contact information for the consumer,

the message left within one year prior to the date of the within complaint up to the date

of the filing of the complaint; (a) the telephone message was placed to a relative or

friend of a consumer where the underlying purpose was to seeking payment of a

-3-

consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692c, 1692e(11) and 1692e(10).

23.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the

-4-

risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The actions of the defendant violate the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

      Dated: Cedarhurst, New York
            July 11, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-6-